IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40542
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTHA MARTINEZ-GONZALEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-209-ALL
- - - - - - - - - -
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Martha Martinez-Gonzalez (Martinez) appeals the 37-month sentence imposed following her plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. She contends that her prior state felony conviction for possession of cocaine is not an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C)(2001). She also submits that any uncertainty in the interpretation of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry guideline must be resolved in her favor pursuant to the rule of lenity.

In <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002), this court has recently held that the purpose of the 2001 amendments to the illegal reentry guideline is "clear" and that possession of a controlled substance is an "aggravated felony" for purposes of the eight-level increase of U.S.S.G. § 2L1.2(b)(1)(C). Accordingly, Martinez's arguments are foreclosed, and she is not entitled to relief. <u>See</u> <u>id.</u>; <u>Chapman v. United States</u>, 500 U.S. 453, 463 (1991).

AFFIRMED.